WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence by which he was convicted of purchase of cocaine and sentenced to a term of incarceration. We find the state made a prima facie showing that appellant committed an unlawful act under the statute, and affirm the trial court’s denial of appellant’s motion to dismiss.
The transaction'which led to appellant’s arrest was his exchange of a quantity of marijuana for a piece of crack cocaine supplied by an undercover law enforcement officer. No money was involved in the transaction. Appellant argues that because no money was paid, there was no “purchase” and therefore no criminal act.
Section 893.13(l)(a), Florida Statutes, proscribes, except under certain circumstances, the “purchase” by any person of such a controlled substance as that involved here. Because “purchase” is not further defined by statute, we construe it in its plain and ordinary sense. State v. Stewart, 374 So.2d 1381 (Fla.1979). The primary dictionary definition of the term “purchase” is “to obtain in exchange for money or its equivalent” or to “buy.” (e'.s.) Webster’s New Riverside University Dictionary 955 (1984); Webster’s Third New International Dictionary 1844 (1971). “Buy” means “to acquire by sacrifice, exchange, or trade.” Webster’s at 214. Accordingly, we conclude that appellant’s actions in exchanging marijuana for cocaine fall within the statutory prohibition against the purchase of such a controlled substance.
Affirmed.
BOOTH and SMITH, JJ., concur.