586 So.2d 1301 (1991)
Garry VINYARD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-03438.
District Court of Appeal of Florida, Second District.
October 2, 1991.
*1302 R. Michael Robinson, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state charged the defendant, Garry Vinyard, with purchase of cocaine, as a principal in the first degree.[1] After the jury returned a verdict of attempted purchase of cocaine, the court adjudicated him guilty pursuant to section 893.13, sentenced him to twelve months' community control followed by twelve months' probation and revoked his driver's license for two years.[2] We have examined the six points the defendant raises on appeal, and find merit in two. These relate to his sentence.
First, the defendant argues the court erred in adjudicating him guilty of attempted purchase of cocaine in violation of section 893.13(1)(a), and in suspending his driver's license pursuant to section 322.055(1). Since the language in section 893.13(1)(a) proscribing purchase does not contemplate the crime of attempted purchase, the court erred in entering the defendant's conviction solely under that statute. See Boatwright v. State, 566 So.2d 75 (Fla. 1st DCA 1990) (defines the term of purchase as "to obtain in exchange for money or its equivalent or to buy" and defines the term buy as "to acquire by sacrifice, exchange, or trade"). The conviction and judgment should be clarified to reflect the defendant was convicted under the general attempt statute, section 777.04(1), Florida Statutes (1987), in addition to section 893.13.
In deciding this, we also reject the defendant's contention that adjudicating him guilty of an attempt in violation of section 777.04, would divest the trial court of its jurisdiction to direct that his driving privileges be revoked, pursuant to section 322.055(1). To the contrary, that statute provides "the department, at the direction of the sentencing court, shall revoke the driver's license or driving privilege of any person found guilty of or adjudicated delinquent for any violation of chapter 893.03(1) or (2)." Since the defendant violated both sections 893.13 and 777.04(1), the court may properly direct the Department of Highway Safety to revoke his driver's license.
In revoking the defendant's driver's license, the court did not follow the mandate of section 322.055(1). The correct procedure is for the court to forward the record of conviction and the factual basis showing the use of a motor vehicle in the commission of the felony to the Department of Highway Safety and Motor Vehicles. It then becomes the Department's responsibility to revoke the license privilege. Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989); § 322.26(3), Fla. Stat. (1987). Accordingly, we vacate that portion *1303 of the sentence relating to the revocation of the defendant's license, and remand for further consideration consistent with this opinion.
Lastly, the court issued two written orders relating to the defendant's probation and community control sentence. The defendant contends four of the sixteen probation conditions and eight of the twenty-two community control conditions imposed were not derived from the oral pronouncements of the court and, therefore, were improper. Jacobs v. State, 533 So.2d 911 (Fla. 2d DCA 1988). The court announced at the sentencing hearing that it was placing the defendant on "ordinary probation." Therefore, we find no merit to the defendant's contention that certain conditions relating to his probation sentence were improper, as each condition in the order was either stated at the oral pronouncement and related to the offense committed or was statutorily authorized. After reviewing the community control conditions, only one merits our attention. Condition 12 reads:
You will maintain an hourly accounting of all your activities on a daily log which you will submit to your Community Control Officer upon request.
Since condition 12 was not stated at the oral pronouncement as a special condition and is not statutorily authorized, it should be stricken. See Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989).
We affirm the defendant's conviction. We direct the court to correct the judgment to reflect the defendant was adjudicated guilty under sections 893.13(1)(a) and 777.04(1). We vacate that portion of the sentence dealing with the suspension of the defendant's driver's license and remand for further consideration. We strike community control condition 12. Otherwise, we affirm the defendant's sentence.
Remanded with directions.
THREADGILL and ALTENBERND, JJ., concur.
NOTES
[1] Section 893.13, Florida Statutes (1987 as amended by 1988 Supp.), reads:

(1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, purchase, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), or (2)(b) is guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Section 777.011, Florida Statutes (1987).
[2] Section 322.055, Florida Statutes (1987), reads:

(1) Notwithstanding the provisions of s. 322.28, the department, at the direction of the sentencing court, shall revoke the driver's license or driving privilege of any person found guilty of or adjudicated delinquent for any violation of chapter 893 involving a substance listed in s. 893.03(1) or (2). The period of such revocation shall be a period of time of up to 2 years as determined by the sentencing court.