THREADGILL, Chief Judge.
James A. Cardi appeals his judgment and sentence for attempted purchase of cocaine. The trial court entered the conviction solely under section 893.13, Florida Statutes (1993). The judgment should also include reference to the general attempt statute, section 777.04, Florida Statutes (1993). See Vinyard v. State, 586 So.2d 1301 (Fla. 2d DCA 1991). We affirm the judgment, but remand for correction of the judgment to reflect conviction under both sections 893.13 and 777.04.
Cardi also challenges several conditions of community control and court costs that were imposed but not orally pronounced at sentencing. We strike the following conditions of community control on the ground they were not orally pronounced: the second sentence of condition four which states, “[y]ou will not possess, carry, or own any weapons without first procuring the consent of your officer;” the portion of condition seven that states, “[y]ou will not use intoxicants to excess;” and the portion of condition fifteen that requires the appellant to pay for alcohol and drug testing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). We also strike condition sixteen, which requires Cardi to maintain a daily log of activities, because it was not orally pronounced at sentencing. Vinyard v. State, 586 So.2d 1301, 1303 (Fla. 2d DCA 1991).
At sentencing, the trial court advised Car-di of the amount of court costs to be imposed. The trial court then stated, “[i]t will not be a condition of your probation or community control or anything like that.” Condition thirteen, however, requires Cardi to pay court costs as a condition of community control. We therefore remand for condition thirteen to be stricken so the order of community control will conform to the oral pronouncement.
Finally, Cardi challenges the imposition of a $2.00 cost pursuant to section 943.25(13), Florida Statutes (1993), and a $71.69 cost pursuant to section 939.01, Florida Statutes (1993). These costs are discretionary costs which must be individually announced in a manner sufficient for the defendant to know the legal basis for the cost imposed. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Because these costs were not individually announced at sentencing, we strike these *843 costs without prejudice to the state to seek reimposition upon proper notice.
Affirmed; remanded for correction of judgment and sentence.
BLUE and WHATLEY, JJ, concur.