846 So.2d 662 (2003)
Brian Joseph JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-174.
District Court of Appeal of Florida, Second District.
June 4, 2003.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Brian Joseph Jones challenges the sentence imposed after he pleaded guilty to driving with a revoked license (habitual offender) and resisting law enforcement officers without violence.[1] Jones argues that condition (8) of the written order of probation erroneously provides that he submit to random drug testing at his own expense. Although submission to drug and alcohol testing is a general condition of probation which need not be orally pronounced at sentencing, the State concedes that the trial court's failure to orally pronounce the requirement that Jones bear the cost of such testing was error. See § 948.03(1)(k)(1), Fla. Stat. (2000); Diaz v. State, 691 So.2d 589 (Fla. 2d DCA 1997). We agree and strike that portion of condition (8) requiring Jones to pay for random testing.
Jones also argues that condition (41), requiring payment of $50 in restitution to the Polk County Sheriff's Office, was error. Because the sheriff's office does not qualify as a victim for payment of *663 restitution pursuant to section 775.089(1)(c), Florida Statutes (2000), we strike condition (41). However, because Jones agreed to pay $50 in investigative costs to the sheriff's office as part of his written plea agreement, on remand the trial court may include this assessment as an individual condition of Jones' probation. See Sims v. State, 746 So.2d 546 (Fla. 2d DCA 1999); Stone v. State, 642 So.2d 34 (Fla. 5th DCA 1994). Reversed and remanded with directions.
SALCINES and SILBERMAN, JJ., Concur.
NOTES
[1] Jones preserved this issue for review by filing a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).