869 So.2d 635 (2004)
Russell RUSSMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3621.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
*636 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Russman appeals from his judgments and sentences for burglary of a dwelling with a firearm, possession of a short-barreled shotgun, theft of a firearm and resisting an officer without violence.[1] We affirm, but strike a condition of the probation order.
We find Russman's argument that the prosecutor's remarks made during closing argument were "fairly susceptible" of being interpreted by the jury as a comment on Russman's failure to testify, without merit. Russman did not testify at his trial. The prosecutor said in closing argument:
And the only person contradicting or conflicting with that [the victim's, testimony, which identified Russman as the burglar] was defendant telling the police he was sleeping in the woods. Please use your common sense because the judge is going to instruct you on conflict of evidence. You can decide who to believe or who not to believe and what evidence supports the defendant's testimony.
In the context of this trial, the prosecutor was responding to the defense attorney's *637 argument that the police had apprehended the wrong man, that Russman had told them he was homeless and living in the dense woods in which he was found, and that he was not the burglar. Although Russman did not testify, a police detective did testify as to what Russman said after he was apprehended. The prosecutor's reference to the defendant's testimony was not confusing because Russman's statements given to the police were in evidence and defense used those statements to argue he was innocent, and merely poor and unlucky. See State v. Dix, 723 So.2d 351 (Fla. 5th DCA 1998); Dorman v. State, 638 So.2d 589 (Fla. 3d DCA 1994).
However, we agree with Russman, and the state concedes, that condition 12 of the probation order[2] must be struck. At the sentencing hearing, the trial judge did not orally pronounce this condition and it is not included in the list of standard probation conditions in section 948.03(1)(a)(m). See Justice v. State, 674 So.2d 123 (Fla.1996); Rothery v. State, 757 So.2d 1256 (Fla. 5th DCA 2000).
AFFIRMED. REMANDED to Strike Condition 12 of Probation Order.
MONACO and TORPY, JJ., concur.
NOTES
[1] §§ 810.02(2), 790.221(1), 812.014(2)(c)5., 843.02, Fla. Stat.
[2] Russman's probation order contains the following condition:

12. The Court retains jurisdiction to place you in the Probation and Restitution Center upon recommendation of your Probation Officer without finding of violation of probation.