885 So.2d 921 (2004)
STATE of Florida, Appellant,
v.
Sonson JOLY, Appellee.
No. 5D03-3974.
District Court of Appeal of Florida, Fifth District.
October 1, 2004.
Rehearing Denied November 10, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges the lower court's order dismissing charges that Appellee violated his probation by failing to give truthful testimony, a disputed special condition of Appellee's probation. The lower court determined that because this condition was not sufficiently orally pronounced *922 at sentencing, it could not be enforced. We reverse and reinstate the charges.
Appellee pled guilty to conspiracy to traffic in more than 400 grams of cocaine, pursuant to a written plea agreement, signed by Appellee (under oath), his lawyer and the prosecutor. The plea agreement provided that Appellee would receive a prison sentence of 5 to 7 years, followed by 5 years of supervised probation with all standard conditions. Furthermore, the agreement expressly listed as a special probation condition that Appellee "shall testify truthfully when requested by the state, without the necessity of subpoena, in reference to any and all matters related to the facts and circumstances surrounding [Appellee's] charges in this case."
The plea and sentencing proceedings were combined. Upon inquiry by the sentencing judge, Appellee confirmed that he had read, understood and agreed to the plea agreement. The prosecutor informed the judge that "provid[ing] truthful testimony" would be a special condition of probation, and the written order contained that same probation condition. However, when the judge pronounced sentence, he orally stated in relevant part as follows:
Be sentenced to a period of six years department of corrections, give credit of 250 days. That's to be followed by five years supervised probation. As a condition of the sentence, you're to comply with the substantial assistance agreement, which is to testify truthfully. All the standard conditions, drug evaluation and/or treatment, if recommended, as a condition of the probation, drop urine samples and testing.
After Appellee allegedly gave untruthful testimony in connection with the prosecution of his co-conspirators, the instant probation violation charges were levied. The trial judge, who had not imposed the original sentence, upon review of the sentencing transcript, ruled that the oral pronouncement controlled over the written probation conditions. Furthermore, he concluded that the oral pronouncement failed to impose the "truthful testimony" requirement as a probation condition, but instead imposed it only as a condition of Appellee's sentence. Based thereon, the lower court dismissed the charges, and this appeal timely followed. We conclude that dismissal of the charges was error.
At the outset, we disagree with the conclusion of the trial judge that the written order conflicted with the sentencing judge's oral pronouncement. Because probation was a subpart of the overall sentence, the special probation condition was a condition of the "sentence." That this was the intent of the sentencing judge (and fully understood by Appellee) is especially clear in this record, where Appellee expressly agreed in writing, under oath, to this condition, and the judge announced the condition after the prosecutor stated in open court, without objection, that the condition would be imposed as an agreed upon special probation condition.
Semantic distinctions aside, even assuming that a technical distinction between the oral pronouncement and the written order does exist, we still reach the same conclusion because the oral pronouncement of the special condition was not required.
Historically, a judge was required to orally pronounce special conditions of probation, and when the oral pronouncement conflicted with the written probation order, the oral pronouncement would control, irrespective of whether the written condition was otherwise objectionable. State v. Hart, 668 So.2d 589, 592 (Fla.1996). The rationale for this rule was grounded in procedural due process principles of notice and opportunity to be heard. Because *923 written sentencing orders are not customarily provided to defendants until after court proceedings are concluded, defendants had no opportunity to interpose contemporaneous objections to such conditions unless they were orally announced during the sentencing proceeding. Id. The rule was different for general probation conditions, however, because defendants were deemed to have constructive notice of these requirements. Id.
This historic rule is apparently no longer viable, however, in light of Maddox v. State, 760 So.2d 89 (Fla.2000), a case not cited by either party to these proceedings or provided to the trial court. There, the court modified Hart, when it recognized that the reason for the different procedures used in imposing general and special probation conditions no longer obtains after the enactment of the latest version of Florida Rule of Criminal Procedure 3.800(b). Now, under rule 3.800(b), a defendant has the opportunity to interpose a substantive objection to probation conditions contained in the written order even if no contemporaneous objection is made at the sentencing proceeding. Therefore, procedural due process is satisfied without the need to orally pronounce otherwise proper special probation conditions. Id. at 105.[1] However, when a defendant establishes that he did not have notice of the condition in time to file a rule 3.800(b) motion, the historic rule apparently still applies. Id. at 106. Nothing in this record demonstrates any excuse for failing to timely challenge the order.
Moreover, even assuming that the historic rule is still viable, we do not believe it to be applicable here. This is not a case where Appellee's procedural due process rights were violated by the surprise imposition of a condition without notice or opportunity for objection. Appellee knew full well that "truthful testimony" was a probation condition, and he certainly had an opportunity to object when asked by the sentencing judge if he agreed to the terms of the written plea agreement.[2]
REVERSED AND REMANDED.
SHARP, W., and PALMER, JJ., concur.
NOTES
[1] This is not a case where the condition is allegedly illegal or in contravention of the plea agreement. Therefore, Appellee's only claim is the purported violation of procedural due process.
[2] Ashley v. State, 850 So.2d 1265 (Fla.2003), upon which Appellee relies, is inapposite. Ashley involved a double jeopardy violation when the trial court resentenced Ashley to a more severe sentence. Moreover, nothing in Ashley manifested an intent by the court to overrule Maddox, a decision that the court did not mention. Although the Ashley court relied on Justice v. State, 674 So.2d 123 (Fla.1996), Justice was based on Hart, which the court modified in Maddox.