902 So.2d 193 (2005)
Michael JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3807.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
Rehearing Denied May 23, 2005.
*194 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Michael Jackson appeals his judgment and sentence for burglary of an occupied structure for which he was sentenced to twenty years in the Department of Corrections, followed by ten years probation. We find no merit in his complaint that the trial court refused to grant additional peremptory challenges during jury selection and address only his complaint that three conditions appeared in the written probation order that were not orally pronounced during the sentencing hearing.
Special conditions of probation that are not announced orally during a sentence hearing must be stricken and may not be reimposed at resentencing unless statutory exceptions exist. E.g., Ashley v. State, 850 So.2d 1265 (Fla.2003); Russman v. State, 869 So.2d 635 (Fla. 5th DCA 2004). In certain instances a condition of probation which is statutorily authorized or mandated may be imposed and included in a written order of probation although omitted from oral pronouncements at sentencing. E.g., State v. Hart, 668 So.2d 589, 592 (Fla.1996).
Condition 9 of Jackson's written probation order requires him to submit to, and pay for drug testing and treatment. Submission to random drug testing and treatment is a general condition of probation[1] that does not require oral pronouncement at the sentencing hearing. But, the requirement that Jackson pay for the testing and treatment is a special condition that must be orally pronounced at sentencing. The State's concession of the error requires us to strike only that portion of condition 9 that requires payment; it may not be reimposed. See, e.g., Frasilus v. State, 840 So.2d 1117 (Fla. 5th DCA 2003) (citing Maddox v. State, 760 So.2d 89 (Fla. 2000)); Jones v. State, 846 So.2d 662 (Fla. 2d DCA 2003).
Condition 10 of the written probation order requires Jackson to pay $1.00 to First Step, Inc., for each month of supervision, but the payment requirement was not orally pronounced at sentencing and it is not included in the list of general probation conditions for which no pronouncement is required.[2] However, the fee is statutorily authorized.[3] We must strike the requirement that Jackson pay the fee, but upon remand, it may be reimposed after Jackson receives appropriate notice and an opportunity to be heard.[4]See, e.g., Hart, 668 So.2d at 592 (noting that constructive *195 notice provided by the statute together with the opportunity to be heard at sentencing regarding any objection that may be raised concerning the condition satisfies procedural due process requirements); Caton v. State, 862 So.2d 901 (Fla. 2d DCA 2003) (striking condition requiring payment of $1.00 to First Step, Inc., because it was not orally pronounced at sentencing, and authorizing the trial court to reimpose the fee after appropriate notice and an opportunity to be heard); McRae v. State, 679 So.2d 14 (Fla. 5th DCA 1996) (allowing imposition of $1.00 fee to First Step, Inc.).
Condition 11 requires Jackson to submit to warrantless searches of his person, residence and property. This condition is statutorily authorized and does not have to be orally pronounced at the sentencing hearing to be validly imposed.[5]See, e.g., Queen v. State, 832 So.2d 956 (Fla. 5th DCA 2002) (holding that the requirement that a probationer submit to warrantless searches is valid even though it is not pronounced at sentencing, because section 948.03(5) authorizes the condition, and provides the necessary notice).
We affirm the judgment and sentence, but strike that portion of condition 9 requiring payment for drug testing and treatment. We also strike condition 10, but remand to allow the trial court to reimpose the condition that requires a monthly payment to First Step, Inc., if it is deemed appropriate.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, C.J., and THOMPSON, J., concur.
NOTES
[1] See § 810.02(3)(c), Fla. Stat. (2003).
[2] See § 948.03(1)(a)-(m), Fla. Stat.
[3] See § 948.03(1)(o), Fla. Stat.
[4] Section 948.03(1) provides that conditions specified in paragraphs 948.03(a)-(m) do not require oral pronouncement at the time sentencing. By implication, the condition set forth in 948.03(1)(o) requires oral pronouncement to be imposed.
[5] See § 948.03(5)(a)10, Fla. Stat.