916 So.2d 999 (2005)
Dean M. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2789.
District Court of Appeal of Florida, Second District.
December 30, 2005.
*1000 James Marion Moorman, Public Defender, and Alisa Smith, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne S. Weiner, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
In this appeal, briefed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Dean Williams challenges certain costs imposed after a negotiated plea. Williams preserved his objections by filing a motion under Florida Rule of Criminal Procedure 3.800(b)(2). We affirm in part and reverse in part.
The trial court's rule 3.800(b)(2) order struck a $3 cost for the teen court under section 938.19, Florida Statutes (2002), and the State has not challenged this ruling. But see Ayoub v. State, 901 So.2d 311, 315 (Fla. 2d DCA 2005) (affirming teen court assessment). Therefore, the order on costs shall be amended to delete the teen court assessment.
We also reverse the imposition of a $1 cost for First Step. This cost was not orally announced, and it was imposed without any written citation to an authorizing statute. See Jackson v. State, 902 So.2d 193 (Fla. 5th DCA 2005); see also Caton v. State, 862 So.2d 901 (Fla. 2d DCA 2003).
Finally, we note a scrivener's error in the judgment. Williams pleaded guilty to a third-degree felony, burglary of a conveyance. But the written judgment erroneously lists a violation of section 810.02(3), Florida Statutes (2003), which is a second-degree felony. On remand the judgment shall be corrected to reflect a violation of section 810.02(4), which is a third-degree felony.
Affirmed in part; reversed in part; remanded with directions.
SILBERMAN and VILLANTI, JJ., Concur.