922 So.2d 1002 (2006)
Shirley GRUBB, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-606.
District Court of Appeal of Florida, Fifth District.
January 27, 2006.
Rehearing Denied March 15, 2006.
James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, *1003 Assistant Attorney General, Daytona Beach, for Appellee.

EN BANC
ORFINGER, J.
Shirley Grubb appeals the order placing her on probation, contending that several otherwise proper special conditions of probation included in the written probation order, but not orally pronounced during the sentencing hearing, must be stricken. We consider this matter en banc to recede from a long-standing body of case law, most recently enunciated in Jackson v. State, 902 So.2d 193 (Fla. 5th DCA 2005), holding that special conditions of probation, not orally pronounced during sentencing, must be stricken and may not be reimposed. See also Russman v. State, 869 So.2d 635 (Fla. 5th DCA 2004). "[T]his rule was grounded in procedural due process principles of notice and opportunity to be heard, because written sentencing orders are not customarily provided to defendants until after court proceedings are concluded, defendants had no opportunity to interpose contemporaneous objections to such conditions unless they were orally announced during the sentencing proceeding." State v. Joly, 885 So.2d 921, 922-23 (Fla. 5th DCA 2004).
Joly recognized a change to the rule in light of Maddox v. State, 760 So.2d 89 (Fla.2000), and the subsequent revision to Florida Rule of Criminal Procedure 3.800(b). "[U]nder [the revised] rule 3.800(b), a defendant has the opportunity to interpose a substantive objection to probation conditions contained in the written order even if no contemporaneous objection is made at the sentencing proceedings. Therefore, procedural due process is satisfied without the need to orally pronounce otherwise proper special probation conditions. However, when a defendant establishes that he did not have notice of the condition in time to file a rule 3.800(b) motion, the historic rule still applies." Joly, 885 So.2d at 923 (internal citations omitted).
In Maddox, the supreme court explained how the current version of rule 3.800(b) satisfies its earlier procedural due process concerns about unannounced, but otherwise proper conditions of probation being included in the probation order:
Prior to the [Criminal Appeal Reform] Act, we differentiated between "general conditions of probation" and "special conditions of probation." See [State v.] Williams, 712 So.2d [762] at 764 [(Fla. 1998)]; Justice [v. State], 674 So.2d [123] at 125 [(Fla.1996)]. We found that defendants are given constructive notice of the imposition of general conditions of probation that are mandated or authorized by statute. See State v. Hart, 668 So.2d 589, 592 (Fla.1996); see also Brock v. State, 688 So.2d 909, 910 n. 1 (Fla. 1997). Likewise, defendants are given constructive notice of the general conditions of probation published in conditions (1)-(11) of the standard probation form found in Florida Rule of Criminal Procedure Rule 3.986(e). See Hart, 668 So.2d at 592. Thus, general conditions of probation do not have to be orally pronounced at the sentencing hearing and due process is satisfied as long as the conditions are included in the written sentencing order. See id. at 592-93.
However, we distinguished special conditions of probation, which are not statutorily authorized or mandated or found among the first eleven general conditions of probation listed in the rules of criminal procedure. See Williams, 712 So.2d at 764; Hart, 668 So.2d at 593. We found that if the defendant had not been given notice of the imposition of these sanctions during the oral pronouncement of sentence, the special condition *1004 of probation must be struck and could not be reimposed on remand. See Justice, 674 So.2d at 125.
Because we allowed courts to impose general conditions of probation that have not been orally pronounced, it is clear that our primary concern in correcting unannounced special conditions of probation is the due process violation occurring when a person does not have notice and an opportunity to object to the condition of probation. However, following our promulgation of rule 3.800(b), defendants have been given a procedural mechanism to object to the imposition of special conditions of probation that have not been orally pronounced. This procedural mechanism satisfies due process concerns because the defendant has an opportunity to object following the imposition of the special condition of probation.

760 So.2d at 105 (emphasis added).
A rule 3.800(b) motion is intended to provide one mechanism whereby all sentencing errors may be corrected or, at least, preserved for appellate review. The rule can be used to correct any type of sentencing error, whether that error had formerly been called erroneous, unlawful or illegal. See Amendments to Fla. R.Crim. P. 3.111(e) & 3.800 & Fla. R.App. P. 9.020(h), 9.140, & 9.600, 761 So.2d 1015, 1019 (Fla.2000).
In the instant case, Grubb's counsel filed a timely rule 3.800(b) motion seeking to strike the unpronounced, but otherwise proper, conditions of probation contained in Grubb's probation order. When the trial court failed to rule on the motion within the requisite sixty days, the motion was deemed denied. Grubb asserts no substantive objections to the unpronounced probation conditions. Grubb's only objection to the conditions of probation was the purported violation of procedural due process resulting from the failure to pronounce them at sentencing.
Because we find Grubb's procedural due process rights were adequately protected when she raised her concerns in her timely 3.800(b) motion, we affirm. In doing so, we recede from Jackson, Russman and our other cases holding that unpronounced, but otherwise unobjectionable, conditions of probation contained in probation orders must be stricken and cannot be reimposed.[1]
AFFIRMED.
PLEUS, C.J., SHARP, W., GRIFFIN, THOMPSON, SAWAYA, PALMER, MONACO, TORPY and LAWSON, JJ., concur.
NOTES
[1] If a defendant establishes that he did not have notice of the objectionable conditions in time to file a rule 3.800(b) motion, the historic rule appears to still apply. Joly, 885 So.2d at 923.