LaROSE, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Amer Khan Agard challenges the imposition of a $12 processing fee imposed as a condition of probation. Mr. Agard preserved this issue by filing a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). We affirm in part and reverse in part.
In his rule 3.800(b)(2) motion, Mr. Agard asked the trial court to strike condition 59 of his probation order because the probation processing fee was neither orally pronounced by the trial court nor supported by statutory authority. Apparently, the trial court orally granted Mr. Agard’s motion and directed the Department of Corrections to prepare a corrected order; the trial court never entered a written order.
We reverse the imposition of the processing fee. See Williams v. State, 916 So.2d 999, 1000 (Fla. 2d DCA 2005) (reversing imposition of $1 cost because not orally pronounced and imposed without *924 any written citation to authorizing statute); Jackson v. State, 685 So.2d 1386, 1387 (Fla. 5th DCA 1997) (vacating portions of probation order, including that which imposed $50 probation processing fee, and directing that the fee be stricken for lack of statutory authorization); see also Powell v. State, 681 So.2d 722, 722 (Fla. 2d DCA 1996) (holding that trial court has no authority to impose such a fee).
Judgments and sentences affirmed; imposition of probation processing fee reversed and cause remanded with directions to the trial court to strike the fee and to enter a corrected probation order. See Rosales v. State, 818 So.2d 684, 685 (Fla. 2d DCA 2002).
SILBERMAN and WALLACE, JJ., Concur.