955 So.2d 612 (2007)
Mitchell LADSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1116.
District Court of Appeal of Florida, Second District.
April 20, 2007.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
*613 Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.

EN BANC
PER CURIAM.
Mitchell Ladson appeals his convictions and sentences for forgery, uttering a forged instrument, and grand theft. We affirm without discussion Ladson's convictions. We also affirm the sentences imposed but write to address Ladson's challenge to one of the conditions of his probation. Condition eight of the probation order provides: "You will submit to and pay for random testing as directed by the Officer or Professional staff of the treatment center where you are receiving treatment to determine the presence of alcohol or controlled substances." Ladson's appellate counsel filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) seeking to strike this condition based on the argument that it is a special condition that the trial court failed to orally pronounce. The trial court denied relief stating: "Pursuant to 948.031(k), this request is DENIED as it is a standard condition."
The "submit to" portion of this condition is a standard condition that need not be orally pronounced. See Diaz v. State, 691 So.2d 589, 590 (Fla. 2d DCA 1997). However, the "pay for" portion is a special condition that must be orally pronounced. See State v. Williams, 712 So.2d 762, 763 (Fla.1998). Such conditions have previously been stricken when challenged on appeal. See, e.g., Crowley v. State, 813 So.2d 1065 (Fla. 2d DCA 2002); Miller v. State, 809 So.2d 101 (Fla. 2d DCA 2002); Torres v. State, 712 So.2d 1169 (Fla. 2d DCA 1998); Carter v. State, 787 So.2d 193 (Fla. 1st DCA 2001). However, a defendant is able to raise an objection to such a condition by filing a motion pursuant to rule 3.800(b). Under this rule
"a defendant has the opportunity to interpose a substantive objection to probation conditions contained in the written order even if no contemporaneous objection is made at the sentencing proceedings. Therefore, procedural due process is satisfied without the need to orally pronounce otherwise proper special probation conditions."
Grubb v. State, 922 So.2d 1002, 1003 (Fla. 5th DCA 2006) (emphasis added) (quoting State v. Joly, 885 So.2d 921, 923 (Fla. 5th DCA 2004)). Thus, Ladson cannot claim a violation of his due process right to notice and an opportunity to object on appeal because he had the opportunity to assert in a rule 3.800(b) motion any substantive objection to the portion of the condition that requires oral pronouncement. Because Ladson's objection was procedural only and he raised no substantive basis to strike the condition, we affirm.
We recognize that this court continued to strike unpronounced conditions subsequent to the promulgation of rule 3.800(b).[1]See, e.g., Martinez v. State, 841 So.2d 632 (Fla. 2d DCA 2003); Crowley, 813 So.2d 1065; Miller, 809 So.2d 101. However, we are persuaded by Grubb that we granted relief in those cases improvidently and, therefore, recede from Martinez, Miller, Crowley, and any other case in which we struck unpronounced conditions even though the appellant was able to challenge those conditions by the rule 3.800(b) procedure.
FULMER, C.J., and ALTENBERND, WHATLEY, NORTHCUTT, *614 CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, KELLY, CANADY, VILLANTI, WALLACE, and LaROSE, JJ., Concur.
NOTES
[1] See Amendments to Fla. Rules of Criminal Procedure 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999).