985 So.2d 16 (2008)
Elysee ST. LOUIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-1708.
District Court of Appeal of Florida, Fourth District.
May 7, 2008.
Rehearing Denied July 22, 2008.
*17 Elysee St. Louis, Arcadia, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner has filed a petition arguing that appellate counsel was ineffective in the direct appeal from his conviction and sentence of manslaughter. He was sentenced to thirty years' imprisonment as a habitual felony offender. We deny the petition.
When evaluating a claim for ineffective assistance of appellate counsel, this court must determine: (1) whether the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance, and (2) whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000); Freeman v. State, 761 So.2d 1055, 1069 (Fla.2000). A petitioner cannot prevail on a claim of ineffective assistance of appellate counsel "[i]f a legal issue `would in all probability have been found to be without merit' had counsel raised the issue on direct appeal." Rutherford, 774 So.2d at 643 (quoting Williamson v. Dugger, 651 So.2d 84, 86 (Fla.1994)). Nor can appellate counsel be deemed ineffective for failing to prevail on an issue raised and rejected on direct appeal. See Spencer v. State, 842 So.2d 52, 73-74 (Fla.2003). St. Louis has not met the requisite standard.
First, St. Louis claims that counsel was ineffective for failing to raise as fundamental error several allegedly prejudicial comments made in the prosecutor's closing argument. However, in his direct appeal counsel argued that the prosecutor committed fundamental error by making improper comments to inflame the passions of the jury. In his petition, St. Louis simply points to additional comments which he claims also were inflammatory.
As the same essential argument was raised in the direct appeal, the failure to argue these additional comments does not constitute ineffective assistance. In affirming, our court necessarily rejected the contention that the closing argument comments evoking an appeal to sympathy were so damaging as to deprive the defendant of a fundamentally fair trial. There was copious evidence of the defendant's guilt, and the jury actually convicted him on a lesser offense than the second-degree *18 murder with which he was charged. We conclude that any error was harmless beyond a reasonable doubt.
In his second issue, St. Louis claims that appellate counsel failed to raise as an issue on appeal the state's creation of an "alibi" defense through its questioning of various witnesses, and its subsequent negation in closing argument of that state-created defense. This issue was not preserved, and we cannot conclude that the state's conduct in both questioning the witnesses and in its closing argument attempted to create a strawman which it could knock down. See, e.g., Brown v. State, 524 So.2d 730 (Fla. 4th DCA 1988). Regardless, we conclude that the defendant has not shown that any error was reversible, given the evidence presented at trial, including his own statements of culpability in the homicide made to another witness who testified.
Finally, he claims that appellate counsel failed to challenge the trial court's misperception of habitual offender sentencing. He alleges that the judge thought that he was required to impose habitual offender sentencing. Burdick v. State, 594 So.2d 267 (Fla.1992). According to St. Louis, appellate counsel should have filed a rule 3.800(b)(2) motion to challenge the sentencing issue.
We have reviewed the judge's comments. They reflect her understanding that she had discretion not to impose habitual offender sentencing so long as she could find that such sentencing was not necessary for protection of the public. She could not make that finding and thus imposed habitual offender sentencing.
St. Louis also misapprehends habitual offender sentencing when he claims that the trial judge violated Apprendi/Blakely.[1] In Apprendi the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. See Gordon v. State, 787 So.2d 892, 894 (Fla. 4th DCA 2001) (Apprendi does not apply to recidivism statutes and entitle a defendant to have a jury determine, beyond a reasonable doubt, the existence of predicate convictions necessary for imposing a habitual felony offender sentence).
St. Louis's claim is that Apprendi/Blakely requires a jury finding that a habitual offender sentence is necessary for the protection of the public. The Florida statute does not require such finding as a prerequisite to habitual offender sentencing. Compare Kaua v. Frank, 436 F.3d 1057 (9th Cir.2006). Rather, the judge can make the finding to except an otherwise qualified defendant from habitual offender sentencing. O'Neal v. State, 862 So.2d 91 (Fla. 2d DCA 2003); Sampson v. State, 832 So.2d 251, 253 (Fla. 5th DCA 2002).
In other words, the prior convictions alone authorize the sentence. Therefore, no Apprendi/Blakely violation is present.
Petition denied.
STONE, WARNER and TAYLOR, JJ., concur.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).