PER CURIAM.
 

 Enrico Thompson challenges his habitual felony offender sentence arguing it is unconstitutional because a jury was not asked to find as fact that he had committed the requisite number of prior convictions so as to be subject to habitual felony offender sentencing. This question has been settled.
 
 See, far example, Jones v. State,
 
 791 So.2d 580 (Fla. 1st DCA 2001);
 
 Wright v. State,
 
 780 So.2d 216 (Fla. 5th DCA 2001). While appellant suggests that
 
 Almendarez-Torres v. United States,
 
 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350
 
 *236
 
 (1998), is of questionable authority, we find no basis to find a constitutional infirmity in the procedure utilized in the instant case.
 
 See Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)(re-quiring a jury to find a fact used as a basis for exceeding the statutory maximum sentence except for the fact of a prior conviction). We AFFIRM.
 

 WOLF, VAN NORTWICK, and ROBERTS, JJ., concur.