PER CURIAM.
 

 Jason Darrell West was adjudicated guilty of burglary and sentenced to thirty years in prison as an habitual felony offender. In addition, the trial court imposed a public defender’s fee in the amount of $2500 pursuant to section 938.29(5), Florida Statutes (2009). West filed an appeal from his judgment of conviction and sentence and while the appeal was pending, also filed two motions under Florida Rule of Criminal Procedure 3.800(b)(2), one of which challenged his habitual felony offender sentence as unconstitutional under
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the other, the imposition of the public defender’s fee because the trial court did not advise him of his right to a hearing to contest the amount. The trial court’s denial of each motion has formed the basis for West’s present appeal. For reasons more fully set forth below, we affirm West’s habitual felony offender sentence but reverse the imposition of the public defender’s lien.
 

 In West’s first point on appeal, he argues that section 775.084, Florida Statutes, under which his habitual felony offender sentence was imposed, is unconstitutional according to the ruling of the United States Supreme Court in
 
 Appren-di,
 
 because it authorizes the sentencing court, rather than the jury, to determine whether a defendant qualifies as a habitual felony offender and because it allows the
 
 *989
 
 determination to be based on a preponderance of the evidence, instead of proof beyond a reasonable doubt. In addition, West contends that “the so-called recidivist exception” violates the Sixth and Fourteenth Amendments to the United States Constitution. In his rule 3.800(b)(2) motion, however, West correctly conceded the
 
 Apprendi
 
 challenge has been repeatedly rejected by courts of this state, and the recidivist issue was rejected by the Supreme Court in
 
 Almendarez-Torres v. United States,
 
 528 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Recently, in
 
 Thompson v. State,
 
 23 So.3d 235 (Fla. 1st DCA 2009), we confirmed “this question has been settled.”
 
 Id.
 
 at 235 (citing
 
 Jones v. State,
 
 791 So.2d 580 (Fla. 1st DCA 2001), and
 
 Wright v. State,
 
 780 So.2d 216 (Fla. 5th DCA 2001)). We went on to hold:
 

 While appellant suggests that
 
 Almendarez-Torres v. United States,
 
 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is of questionable authority, we find no basis to find a constitutional infirmity in the procedure utilized in the instant case.
 
 See Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (requiring a jury to find a fact used as a basis for exceeding the statutory maximum sentence except for the fact of a prior conviction).
 

 Id.
 
 at 235-36.
 
 See also Gudinas v. State,
 
 879 So.2d 616, 618 (Fla.2004) (holding that
 
 Apprendi
 
 affects neither the recidivist sentencing scheme under the Prisoner Releas-ee Reoffender Act nor sentencing as a habitual violent felony offender);
 
 St. Louis v. State,
 
 985 So.2d 16, 18 (Fla. 4th DCA 2008) (affirming the defendant’s habitual offender sentence while reaffirming its pri- or holding that
 
 Apprendi
 
 “does not apply to recidivism statutes and entitle a defendant to have a jury determine, beyond a reasonable doubt, the existence of predicate convictions necessary for imposing a habitual felony offender sentence,” citing
 
 Gordon v. State,
 
 787 So.2d 892, 894 (Fla. 4th DCA 2001));
 
 Clayton v. State,
 
 953 So.2d 758, 759 (Fla. 5th DCA) (same),
 
 rev. denied,
 
 966 So.2d 965 (Fla.2007) (table);
 
 Grant v. State,
 
 815 So.2d 667, 668 n. 3 (Fla. 2d DCA 2002) (joining its “sister courts in recognizing that
 
 Apprendi
 
 ... is not implicated when sentencing a convicted defendant as a habitual offender”);
 
 Saldo v. State,
 
 789 So.2d 1150, 1151 (Fla. 3d DCA 2001)
 
 (“Apprendi
 
 makes clear that recidivism statutes, which enhance sentencing based on the ‘fact of prior convictions,’ do not require those facts to be submitted to the jury and are outside the scope of the ruling in
 
 Apprendi.”).
 
 Accordingly, West’s habitual felony offender sentence is affirmed.
 

 However, there is merit to West’s second point claiming the trial court erred in imposing a public defender’s fee without advising him of the right to contest the amount of the fee. Section 938.29, Florida Statutes (2009), provides as follows:
 

 (5) The court having jurisdiction of the defendant-recipient shall, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender ... and costs, at which time the defendant-recipient or parent,
 
 after adequate notice thereof, shall have the opportunity to be heard and offer objection to the determination,
 
 and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.
 

 (Emphasis added.)
 
 See also
 
 Fla. R. Crim. P. 3.720(d)(1) (“[T]he court shall notify the accused of the imposition of a lien pursuant to section 938.29, Florida Statutes.... Notice of the accused’s right to a hearing
 
 *990
 
 to contest the amount of the lien shall be given at the time of sentence.”). The state argues that West’s motion was insufficient to raise his claim because it addressed only the lack of notice, without presenting a substantive objection to the imposition of the fee. The state’s argument analogizes the substance of the instant motion to a defendant’s challenge to the imposition of ■written special conditions of probation absent oral pronouncement at sentencing, citing decisions from the Second and Fifth District Courts of Appeal that affirmed denials of rule 3.800(b)(2) motions because neither of the motions raised a substantive basis to strike the condition but, instead, raised only the procedural issue of lack of notice and an opportunity to object.
 
 See Ladson v. State,
 
 955 So.2d 612 (Fla. 2d DCA 2007) (en banc);
 
 Grubb v. State,
 
 922 So.2d 1002 (Fla. 5th DCA 2006). We distinguish the holdings in
 
 Ladson
 
 and
 
 Grubb.
 
 Those decisions rest on considerations unique to the imposition of certain special conditions imposed in the written order of probation, where the conditions were not orally pronounced by the trial court during the defendant’s sentencing hearing.
 

 For example, in
 
 Ladson,
 
 during the pen-dency of his appeal, the appellant filed a rule 3.800(b)(2) motion seeking to strike one of the conditions of his probation, arguing merely that it was a special condition that the trial court had failed to orally pronounce. The Second District initially observed that such conditions historically were struck when challenged on appeal. However, quoting
 
 Grubb,
 
 it observed that rule 3.800(b)(2) now provides a defendant the procedural means by which to raise a substantive objection to probation conditions contained in a written order despite the lack of a contemporaneous objection made during the sentencing proceedings, thus satisfying procedural due process “‘without the need to orally pronounce otherwise proper special probation conditions.’ ”
 
 Ladson,
 
 955 So.2d at 613 (quoting
 
 Grubb,
 
 922 So.2d at 1003) (internal quotations omitted). As a consequence, the Second District held the appellant could not merely claim a violation of his due process right to notice and an opportunity to object “because he had the opportunity to assert in a rule 3.800(b) motion any substantive objection to the portion of the condition that requires oral pronouncement.”
 
 Id.
 
 Because Ladson’s objection in his motion was procedural only and did not raise a substantive basis on which to strike the special condition, the Second District affirmed the trial court’s denial of his motion. However, in contrast, the Second District has not hesitated to strike the imposition of a public defender’s fee when, in a rule 3.800(b)(2) motion, it was argued the fee was imposed without compliance with the procedures mandated by section 938.29(5) and rule 3.720(d)(1).
 
 See Del Valle v. State,
 
 26 So.3d 650, 652 (Fla. 2d DCA 2010);
 
 Bruno v. State,
 
 960 So.2d 907, 908 (Fla. 2d DCA 2007);
 
 Nash v. State,
 
 958 So.2d 471, 471-72 (Fla. 2d DCA 2007).
 

 Accordingly, we reject the state’s argument and hold West’s contention that he was denied the statutorily mandated hearing is a sufficient substantive basis on which to challenge the imposition of the public defender’s fee in a rule 3.800(b)(2) motion.
 
 See, e.g., Lang v. State,
 
 856 So.2d 1105, 1106 (Fla. 1st DCA 2003) (addressing the appellant’s challenge to the imposition of a public defender’s lien in a rule 3.800(b) motion, reversing because the trial court failed to advise the appellant of his right to a hearing to contest the amount, and remanding to allow the appellant an opportunity “to be heard on the fee.”);
 
 Carter v. State,
 
 787 So.2d 193, 193 (Fla. 1st DCA 2001) (reversing and remanding “to allow appellant an opportunity to contest the imposition of the public defender lien,”
 
 *991
 
 where the lack of a hearing at sentencing as to the amount was argued in a motion under rule 3.800(b)). Because the trial court did not advise West of his right to object to the amount of the public defender’s fee, or to his right to a hearing in which to do so, we reverse the imposition of the fee and remand with instructions to afford West an opportunity to request a hearing to contest the fee.
 

 AFFIRMED, in part, and REVERSED, in part.
 

 HAWKES, CLARK, and SWANSON, JJ., concur.