TORPY, J.,
concurring in part; dissenting in part.
Because the costs here were mandatory, there was no error in the imposition of those costs. Instead of affirming on that ground, the court takes the unnecessary step of overturning a precedent that is easily distinguished. Nevertheless, I agree that we should recede from Strickland v. State, 56 So.3d 906 (Fla. 5th DCA 2011), but not for the reason provided by the majority. I emphasize here that this is a case where the only colorable challenge to the costs is that the otherwise authorized costs were not orally pronounced.[2] Appellant waived this argument by not filing a Florida Rule of Criminal Procedure 3.800(b) motion. Maddox v. State, 760 So.2d 89, 105 (Fla.2000). To the extent that the majority relies upon Jackson v. State, 983 So.2d 562, 572 (Fla.2008), for the proposition that a cost assessment can never “render a sentence illegal,” I respectfully disagree. When a sentence includes the assessment of a cost that is not authorized by law, it meets the definition of an “illegal sentence” under Williams v. State, 957 So.2d 600 (Fla.2007). A “sentence” may include all or any combination of several components— incarceration, fine, probation, restitution and costs, both mandatory and discretionary. Indeed, a “sentence” may impose costs as its only punitive component. If any component is “illegal,” it is subject to challenge under either rule 3.800(a) or 3.800(b).
I agree with Judge Evander that there might be circumstances where a discrepancy between an oral pronouncement and a written judgment can be remedied notwithstanding the lack of a timely rule 3.800(b) motion. We addressed such a hypothetical circumstance in State v. Joly, 885 So.2d 921 (Fla. 5th DCA 2004), and again in Grubb v. State, 922 So.2d 1002 (Fla. 5th DCA 2006). There might also be other circumstances and procedural paths to seek such relief.

. Appellant's argument that one cost assessment was imposed without statutory authority is without merit.