NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BYRON DAMON LAVENDER, )
 )
Appellant, )
 )
v. ) Case No. 2D15-417
 )
STATE OF FLORIDA, )
 )
Appellee. )
 )

Opinion filed November 4, 2016.

Appeal from the Circuit Court for
Hillsborough County; Caroline J. Tesche
and Thomas Barber, Judges.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.

MORRIS, Judge.

Byron Damon Lavender appeals his judgment and sentence for burglary

of a dwelling with assault. We affirm his judgment without further comment. We also

affirm his sentence,[1] but we write to address his challenge to the imposition of two special conditions of probation for which the State conceded error.

Special condition 17 required Lavender to maintain an hourly accounting of all of his activities in a daily log. Special condition 19 required Lavender to submit to electronic monitoring and to pay $5.50 per day for the cost of the monitoring. Lavender challenged the imposition of these special conditions by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that they should be stricken because the trial court failed to orally pronounce them at sentencing. Although the trial court attempted to correct these sentencing errors by granting Lavender's motion to correct sentencing error, the trial court did not do so within the sixty-day window afforded by rule 3.800(b)(2)(B). Consequently, the order granting Lavender's motion is a nullity. See Williams v. State, 67 So. 3d 249, 250-51 (Fla. 2d DCA 2010).

Special terms and conditions of probation must be imposed by oral pronouncement at sentencing. § 948.039, Fla. Stat. (2014). Here, the requirement of maintaining a daily activity log is not statutorily authorized under sections 948.101 and 948.03, and thus it was required to be orally pronounced at sentencing. And while the requirement of submitting to electronic monitoring is a standard condition of probation that need not be orally pronounced, see § 948.101(1)(d), there is no statutory authority for requiring a probationer to pay for such monitoring. Thus, that portion of condition 19 was also required to be orally pronounced at sentencing.

In prior cases, we have stricken special conditions of probation that were not orally pronounced. See Ladson v. State, 955 So. 2d 612, 613 (Fla. 2d DCA 2007)

---

[1]Lavender was sentenced to seven years in prison followed by two years of community control and three years of probation.

(en banc) (citing cases). However, in Ladson, we explained that with the adoption of rule 3.800(b), defendants now have the opportunity to raise substantive objections to probation conditions, and consequently, "procedural due process is satisfied without the need to orally pronounce otherwise proper special probation conditions." Id. (quoting Grubb v. State, 922 So. 2d 1002, 1003 (Fla. 5th DCA 2006)). We concluded that Ladson was not entitled to relief on his challenge to the imposition of a portion of a probation condition that was not orally pronounced because his "objection was procedural only and he raised no substantive basis to strike the condition." Id. We also receded from cases "in which we struck unpronounced conditions even though the appellant was able to challenge those conditions by the rule 3.800(b) procedure."[2] Id.

Here, as in Ladson, Lavender filed a rule 3.800(b) motion wherein he only made a procedural objection to special condition 17 and the portion of condition 19 that required payment for electronic monitoring. He did not make any substantive objections to the conditions. Thus because he was afforded procedural due process through the rule 3.800(b) procedure, there is no other basis requiring us to strike the conditions.[3] Accordingly, we affirm.

Affirmed.

BLACK and SLEET, JJ., Concur.

---

[2]We specifically receded from these cases by name: Martinez v. State, 841 So. 2d 632 (Fla. 2d DCA 2003), Crowley v. State, 813 So. 2d 1065 (Fla. 2d DCA 2002), and Miller v. State, 809 So. 2d 101 (Fla. 2d DCA 2002).

[3]In asserting that remand was required for the trial court to strike the special conditions, Lavender and the State cited cases that predated the adoption of rule 3.800(b). Cf. Luby v. State, 648 So. 2d 308 (Fla. 2d DCA 1995); Vinyard v. State, 586 So. 2d 1301 (Fla. 2d DCA 1991). But as we determined in Ladson, because defendants can now utilize the rule 3.800(b) procedure to challenge improperly imposed special conditions of probation, remand is no longer required in cases involving facts similar to this case.