NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONALD LEON THOMPSON, JR.,    )
    )
    Appellant,    )
    )
v.    )    Case No. 2D16-2084
    )
STATE OF FLORIDA,    )
    )
    Appellee.    )
_____)

Opinion filed March 16, 2018.

Appeal from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Howard L. Dimmig, II, Public Defender,
and Christine Trakas Thornhill, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.

CASANUEVA, Judge.

Ronald Leon Thompson, Jr., appeals his sentences for false imprisonment

with a weapon and aggravated assault while possessing a firearm. Specifically, he

challenges the imposition of certain special conditions of probation relating to drug and

alcohol treatment and evaluation.  We affirm.  We write only to address Mr. Thompson's argument that the trial court's failure to orally pronounce certain special conditions requires that they be stricken.

The written order of probation imposes special conditions requiring that Mr. Thompson submit to certain drug and alcohol evaluation and treatment, and the order also requires that Mr. Thompson pay the costs of evaluation and treatment.  The trial court orally pronounced the evaluation and treatment requirements but failed to orally pronounce the requirement that Mr. Thompson pay the expenses associated therewith.  Mr. Thompson did not object to the evaluation and treatment requirements at sentencing.

Following sentencing, Mr. Thompson filed a notice of appeal and, prior to briefing, filed a timely motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).  In his motion, Mr. Thompson argued that the record did not support the imposition of special conditions (1) and (6)[1] imposing drug and alcohol evaluation and treatment requirements.  He also argued that the requirements that he pay any expenses associated with evaluation and treatment were not orally pronounced and thus must be stricken.  The trial court filed no order ruling on the motion and it is thus deemed denied pursuant to rule 3.800(b)(2)(B).  Mr. Thompson argues on appeal that the trial court erred in failing to grant his 3.800(b) motion.

---

[1]Mr. Thompson referred to these conditions as conditions (1) and (2) in his motion to correct sentencing error.  Because they are identified as (1) and (6) in the order of probation, we will use the same reference here for consistency.

Unlike standard or general conditions of probation, which are contained within the statutes, State v. Hart, 668 So. 2d 589, 592 (Fla. 1996) (citing Hart v. State, 651 So. 2d 112, 113 (Fla. 2d DCA 1995)), "[s]pecial terms and conditions of probation must be imposed by oral pronouncement at sentencing," Lavender v. State, 203 So. 3d 969, 971 (Fla. 2d DCA 2016) (citing § 948.039, Fla. Stat. (2014)).  See § 948.039, Fla. Stat. (2015) ("The court shall impose the special terms and conditions by oral pronouncement at sentencing and include the terms and conditions in the written sentencing order.").

Failure to orally pronounce a special condition of probation once required that the condition be stricken.  Maddox v. State, 760 So. 2d 89, 105 (Fla. 2000); see Nank v. State, 646 So. 2d 762, 764 (Fla. 2d DCA 1994) (striking special conditions requiring drug and alcohol evaluation and treatment at defendant's own expense because the special conditions were not orally pronounced); Cumbie v. State, 597 So. 2d 946, 947 (Fla. 1st DCA 1992) (affirming condition requiring testing because it was consistent with a standard condition but striking "at your own expense" language that was neither a standard condition nor orally pronounced).  The concern was that the unpronounced special conditions of probation violated due process because the defendant did not have notice and an opportunity to object to the condition of probation. Maddox, 760 So. 2d at 105.

However, the court noted in Maddox:

[F]ollowing [the supreme court's] promulgation of rule 3.800(b), defendants have been given a procedural mechanism to object to the imposition of special conditions of probation that have not been orally pronounced.  This procedural mechanism satisfies due process concerns

because the defendant has an opportunity to object following the imposition of the special condition of probation.

Id.

In Ladson v. State, 955 So. 2d 612, 613 (Fla. 2d DCA 2007) (en banc), this court concluded that a defendant may be afforded procedural due process through rule 3.800(b) even where the trial court has failed to orally pronounce a special condition. Through rule 3.800(b), "defendants now have the opportunity to raise substantive objections to probation conditions, and consequently, 'procedural due process is satisfied without the need to orally pronounce otherwise proper special probation conditions.' " Lavender, 203 So. 3d at 971 (quoting Ladson, 955 So. 2d at 613); see also Grubb v. State, 922 So. 2d 1002, 1004 (Fla. 5th DCA 2006) (finding "Grubb's procedural due process rights were adequately protected when she raised her concerns in her timely 3.800(b) motion").

Here, the trial court orally pronounced the drug and alcohol evaluation and treatment requirements but did not state that Mr. Thompson would be required to pay the associated expenses. The payment of such expenses by a defendant is a special condition of probation and should have been orally pronounced. See Ladson, 955 So. 2d at 613. While the trial court erred in failing to orally pronounce these requirements, that error was effectively remedied when Mr. Thompson filed his timely motion to correct sentencing error. Through that motion, Mr. Thompson had "the opportunity to assert . . . any substantive objection to the portion of the condition that requires oral pronouncement." See id.

Because we find no merit in Mr. Thompson's substantive argument against imposition of the special conditions, we are left with only the argument that the

otherwise proper expense requirements were not orally pronounced.  This procedural error was cured by the filing of the rule 3.800(b) motion, and there is no basis for us to strike those portions of the conditions.  Accordingly, we affirm.

Affirmed.


KELLY and BADALAMENTI, JJ., Concur.