803 So.2d 898 (2002)
Christopher P. LEDUC, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2972.
District Court of Appeal of Florida, Fifth District.
January 4, 2002.
Christopher Paul Leduc, Lake City, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The defendant below, Christopher Leduc, appeals the summary denial of his 3.800(a) motion to correct sentence. Leduc pled nolo contendere to resisting a law enforcement officer with violence, battery on a law enforcement officer and two counts of criminal mischief. On May 17, 2000 he was sentenced on each count to 42 months incarceration followed by 5 years probation, all counts to run concurrent. All of these convictions were third degree felonies, for which the statutory maximum penalty is 5 years incarceration. See § 775.082(3)(d), Fla. Stat. (2001). Leduc argues that his sentences are illegal because the combined sanction of incarceration (42 months) and probation (60 months) exceeds the statutory maximum for a third degree felony. The trial court denied relief because the scoresheet provided for a sentencing range of 13.95 months to 20 years.
*899 There were four third degree felonies, and if each 5 year sentence was ordered to be served consecutively, the total length of incarceration would be 20 years. Even though the trial court could have imposed consecutive 5 year sentences, it could not lawfully impose, for each conviction, a split sentence which exceeded 60 months. Under the Criminal Punishment Code, the statutory maximum penalty can only be exceeded if the lowest permissible sentence is greater, which is not the case here. The court could have imposed 42 months incarceration on some of the counts, and 60 months probation on the remaining counts, to achieve the same length of incarceration and probation. However, under the present sentencing structure, the trial court imposed illegal sentences which exceeded the statutory maximum penalty for a third degree felony. We therefore reverse the order denying relief and remand the case for resentencing.
REVERSED AND REMANDED.
COBB, HARRIS and PETERSON, JJ., concur.