SHARP, W., J.,
concurring specially.
I agree this Anders appeal should be affirmed. However, since it is an Anders case, I think our affirmance should expressly state it is without prejudice to seek an appropriate remedy for a sentencing error, which this court has discovered in reviewing the record. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Causey, 503 So.2d 321 (Fla.1987).
In this case, Henderson was convicted of various second and third degree felonies and received concurrent split sentences of 7 years incarceration followed by 10 years probation. Pursuant to Florida Rule of Criminal Procedure 3.800(b), Henderson filed a motion to correct a sentencing error pertaining to the third degree felonies because the 7 year sentence exceeded the statutory maximum penalty of 5 years incarceration for a third degree felony and also exceeded the lowest permissible sentence under the Criminal Punishment Code[1], which was 63.075 months imprisonment. The court granted the motion and resentenced Henderson to concurrent five-year prison sentences for each third degree felony, with no probation to follow.
However, there is a remaining sentencing error regarding the second degree felony sentences. The combined total of incarceration and probation (7 years plus 10 years on probation) exceeds the 15 year statutory maximum penalty for a second degree felony, and the lowest sentence under the Criminal Punishment Code does not exceed the statutory maximum penal *604 ty. See Fla. R.Crim. P. 3.704(d)(25); Fla. R.Crim. P. 3.704(d)(27)(B); Leduc v. State, 803 So.2d 898 (Fla. 5th DCA 2002). Therefore, the split sentences totaling 17 years are unlawful.[2]
Henderson did not object to this sentencing error at sentencing or in his motion pursuant to rule 3.800(b). Thus we are barred from addressing this apparently fundamental sentencing error on appeal. See Maddox v. State, 760 So.2d 89 (Fla.2000); Hayden v. State, 833 So.2d 275 (Fla. 5th DCA 2002); Copre v. State, 773 So.2d 92 (Fla. 5th DCA 2000). Henderson may, however, seek relief by raising this issue in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. Whether this duplication of judicial effort furthers the purpose of State v. Causey and the Criminal Punishment Code is debatable. See Washington v. State, 814 So.2d 1187 (Fla. 5th DCA 2002), rev. dismissed, 831 So.2d 675 (Fla.2002).
THOMPSON and PALMER, JJ., concur.

. Of course, the trial court could have achieved the same result lawfully, by imposing a term of probation on one conviction to follow sentences of incarceration on all the other convictions.

. See Fla. R.Crim. P. 3.704.