913 So.2d 1233 (2005)
Frank P. CILLO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4148.
District Court of Appeal of Florida, Second District.
November 9, 2005.
SALCINES, Judge.
Frank P. Cillo challenges the denial of his motion to correct illegal sentences pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Cillo asserts two claims. We affirm his second claim without comment. Cillo's first claim asserts that his sentence is illegal because it exceeds the statutory maximum. This claim was previously denied and affirmed on appeal in a prior rule 3.800(a) motion. Cillo v. State, 884 So.2d 29 (Fla. 2d DCA 2004) (table decision). Although this claim would typically be collaterally estopped, we are nevertheless compelled to correct a manifest injustice because, as the State concedes, Cillo's sentence exceeds the statutory maximum. See State v. McBride, 848 So.2d 287, 292 (Fla.2003) ("[C]ollateral estoppel will not be invoked to bar relief where its application would result in a manifest injustice.").
Cillo was convicted of three counts of lewd and lascivious conduct with a child over twelve, but under sixteen, in violation of section 800.04, Florida Statutes (1999). According to his criminal punishment code *1234 scoresheet, Cillo's lowest permissible prison sentence was 12.75 years. The trial court sentenced him to three concurrent terms of 12.75 years in prison followed by two years of community control and thirty years of probation.
Cillo argues that because lewd and lascivious conduct is a second-degree felony, see § 800.04(5)(c)(2), then the maximum sentence he could receive was fifteen years unless the sentences were imposed consecutively for a total of forty-five years, see § 775.082(3)(c), Fla. Stat. (1999). In denying Cillo's claim, the postconviction court reasoned that because the lowest permissible sentence of 12.75 years did not exceed the statutory maximum of forty-five years, the trial court was within its discretion to sentence Cillo to 44.75 years.
The State concedes error. Cillo's sentence, which includes the prison portion as well as the community control and probation portions, cannot exceed the statutory maximum of fifteen years. See § 921.0024(2), Fla. Stat. (1999); Fla. R.Crim. P. 3.704(d)(25); see also Myers v. State, 676 So.2d 1063, 1063 (Fla. 2d DCA 1996) ("A sentence of incarceration and probation cannot exceed the maximum period of incarceration provided by law.").[1]
We, therefore, reverse the postconviction court's order summarily denying Cillo's first claim and remand for resentencing.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, and DAVIS, JJ., Concur.
NOTES
[1] A trial court can exceed the statutory maximum under the criminal punishment code if the lowest permissible sentence exceeds the statutory maximum. See § 921.0024(2), Fla. Stat. (1999); Fla. R.Crim. P. 3.704(d)(25). This is not the case in this instance.