SILBERMAN, Judge.
Antonio Maurice Williams appeals his judgment and sentence for burglary of a *250 dwelling. Williams entered an open plea and challenges the sentence imposed of ten years’ probation with a condition of probation that he serve forty-eight months in prison. The State properly concedes that the original sentence was illegal. The trial court twice attempted to correct the sentence, and the State also properly concedes that the trial court did not have jurisdiction either time it attempted to correct the sentence. Accordingly, we reverse Williams’ sentence and remand for resentencing.
At the sentencing hearing held on May 6, 2009, the trial court imposed a sentence of ten years’ probation with a condition that Williams serve forty-eight months in prison. Defense counsel questioned whether the period of incarceration as a condition of probation could exceed a year. The trial court stated that it would look into the issue and that it could modify the sentence within ten days if the structure of the sentence was technically incorrect.
Williams prematurely filed a notice of appeal on May 12, 2009. The notice became effective to vest jurisdiction in this court when the trial court rendered the judgment and sentence on May 14, 2009. See Fla. R.App. P. 9.110(0- On May 19, 2009, the trial court rendered an order of disposition indicating that Williams’ sentence was modified to forty-eight months in prison to be followed by seventy-two months of probation. On June 1, 2009, the trial court rendered an order of probation indicating Williams was sentenced to forty-eight months in prison to be followed by seventy-two months of probation.
On December 22, 2009, Williams filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to challenge the jurisdiction of the trial court to modify the sentence after the notice of appeal was filed. On March 5, 2010, the trial court entered an order vacating the previous judgment and sentence. On March 10, 2010, the trial court rendered a written judgment and sentence ordering Williams to serve forty-eight months in prison to be followed by seventy-two months of probation.
Williams correctly argues and the State properly concedes that Williams must be resentenced because his original sentence was illegal and the trial court did not have jurisdiction either time it attempted to correct the sentence. Section 948.03(2), Florida Statutes (2008), provides that if the trial court
imposes a period of incarceration as a condition of probation, the period shall not exceed 364 days, and incarceration shall be restricted to either a county facility, a probation and restitution center under the jurisdiction of the Department of Corrections, a probation program drug punishment phase I secure residential treatment institution, or a community residential facility owned or operated by any entity providing such services.
Thus, the sentence imposing forty-eight months in prison as a condition of probation violated section 948.03(2) because it exceeded 364 days and because the trial court ordered that Williams serve the time in state prison.
The trial court was without jurisdiction to resentence Williams after the notice of appeal was filed and became effective on May 14, 2009. See Knapp v. State, 741 So.2d 1150, 1151 (Fla. 2d DCA 1999) (recognizing that the circuit court has no jurisdiction to correct a sentence while an appeal of the sentence is pending). The trial court was also without jurisdiction to correct the sentence pursuant to the motion to correct sentencing error because the trial court did not rule on the motion within sixty days and did *251 not extend the period of time to rule on the motion before the sixty-day period expired. See Fla. R.Crim. P. 3.800(b)(1)(B), (b)(2)(B); Conroy v. State, 938 So.2d 687, 688 (Fla. 2d DCA 2006); Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001). Thus, the order granting relief and the new judgment and sentencing documents are a nullity. See Jackson, 793 So.2d at 118.
Therefore, we reverse Williams’ sentence for burglary of a dwelling and remand for resentencing.
Reversed and remanded for resentenc-ing.
KELLY and BLACK, JJ., Concur.