BLACK, Judge.
Kiefer Filppula entered a plea of nolo contendere to the following crimes: (1) possession of a prescription drug without a prescription in violation of section 499.03, Florida Statutes (2009); (2) possession of cannabis with intent to sell in violation of section 893.13, Florida Statutes (2009); (3) possession of alprazolam in violation of section 893.13; and (4) possession of drug paraphernalia in violation of section 893.147. On appeal, Filppula argues that the court imposed illegal sentences on counts two and three. We agree and reverse.
For count three, the possession of alprazolam, the court orally sentenced Filppula to five years’ probation with two years in prison as a condition of his probation; however, the written sentence reflects that the probationary sentence follows the prison sentence. Although it is well settled that the court’s oral pronouncement of a sentence controls over a written document, Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003), the imposition of two years of incarceration in a state prison facility as a condition of probation is an illegal sentence. Section 948.03(2), Florida Statutes (2011), provides that if the court “imposes a period of incarceration as a condition of probation, the period shall not exceed 364 days.” Additionally, the statute provides that incarceration as a condition of probation must be completed in a county facility, a probation or restitution center, or a community residential *47 facility. § 948.03(2); see also Williams v. State, 67 So.3d 249, 250 (Fla. 2d DCA 2010) (holding that sentence of forty-eight months in state prison as a condition of probation violated section 948.03(2) and was an illegal sentence). Here, the court imposed two years’ incarceration in Florida State Prison as a condition of probation. As a result, the sentence is illegal and should be corrected.
Although the written sentence imposed on count three is a nullity because it differs from the oral pronouncement, we also note the following. Possession of al-prazolam is a third-degree felony. The maximum permissible sentence for a third-degree felony is five years. § 775.082(3)(d), Fla. Stat. (2011). The written sentence imposed two years in prison followed by five years’ probation resulting in a total sentence of seven years. Because the sentence exceeds the statutory maximum for a third-degree felony, it is an illegal sentence. See Netkerly v. State, 804 So.2d 433, 439 (Fla. 2d DCA 2001) (holding that sentences of five years in prison followed by ten years’ probation were illegal sentences that exceeded the statutory maximum of five years for a third-degree felony); Smith v. State, 584 So.2d 154, 154 (Fla. 2d DCA 1991) (holding that “[t]he law is clear that when a defen dant is sentenced to a split sentence consisting of incarceration and probation ... the combined sanction cannot exceed the maximum period of incarceration provided by law”).
Finally, the order of probation states that Filppula was sentenced to probation on counts two and three. However, the court did not orally pronounce a probationary sentence as to count two, possession of cannabis with intent to sell. Rather, probation was only sentenced as to count three. Accordingly, the probationary sentence on count two is illegal and should be stricken. See Fla. R.Crim. P. 3.700(b) (“Every sentence or other final disposition shall be pronounced in open court....”); Ashley, 850 So.2d at 1267 (“Florida’s sentencing procedures prevent subsequent imposition of new terms to a previously announced sentence.”); State v. Hart, 668 So.2d 589, 591 (Fla.1996) (“[E]very sentence, which ... may entail the imposition of conditions of probation, must be pronounced in open court.”). Accordingly, we remand for resentencing in accordance with this opinion.
Reversed and remanded.
SILBERMAN, C.J., and CASANUEVA, J., Concur.