DAVIS, Chief Judge.
Kiefer Filppula challenges the new sentence he received following this court’s reversal of his original sentence. See Filppula v. State, 106 So.3d 45, 46 (Fla. 2d DCA 2013). Although the new sentence reflects some of the same errors and illegalities that led to the reversal of Filppu-la’s original sentence, the errors are of the type that must be preserved through the filing of a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b) before this court can review them on direct appeal. Because Filppula’s counsel failed to file such a rule 3.800(b) motion, we affirm.
The written sentence reflects that at resentencing Filppula was sentenced to sixty days for possession of a prescription drug without a prescription, to five years for possession of cannabis with intent to sell, to “2 years prison with 5 years probation as a condition” for possession of al-prazolam, and to one year for possession of drug paraphernalia. The sentences for each count are to run concurrently, and according to the order of probation, the probation for possession of alprazolam is consecutive to the prison term for possession of cannabis. We note that the oral pronouncement, which controls over the written sentence,[1] was for five years of probation for possession of alprazolam to run consecutive to the sentences on the other counts and that a condition of that probation was serving an additional two *1234 years in prison on that count, resulting in three years’ probation following an aggregate seven-year prison sentence.
As stated in the first Filppula opinion, an imposed term of incarceration as a condition of probation cannot exceed 364 days and must be served in a nonprison facility, such as a county jail. 106 So.3d at 46. Thus Filppula’s sentence for the possession of alprazolam is again illegal. See id. The State concedes the problematic nature of this sentence and merely argues that Filppula is foreclosed from relief by his failure to fíle a motion to correct sentence pursuant to rule 3.800(b) and because his counsel did not preserve the error when counsel agreed at the resentencing that the proposed sentence was legal.
We do not agree that counsel’s acquiescence to the sentence forecloses relief; the fact that his counsel thought it was a legal sentence does not make it so. “A defendant cannot by agreement confer on the court the authority to impose an illegal sentence.” Williams v. State, 500 So.2d 501, 503 (Fla.1986), receded from on other grounds, Quarterman v. State, 527 So.2d 1380 (Fla.1988). But the State is correct that rule 3.800(b) is the necessary mechanism designed to correct otherwise unpreserved structural sentencing errors, including illegal sentences, and to preserve those errors for direct appellate review. See Jackson v. State, 983 So.2d 562, 573-74 (Fla.2008).
Thus, rule 3.800(b) creates a two-edged sword for defendants who do not object to sentencing errors before the sentence is rendered: on the one hand, it allows defendants to raise such errors for the first time after the sentence; on the other hand, it also requires defendants to do so if the appellate court is to consider the issue. In other words, for sentencing errors, to raise even fundamental error on appeal, defendants must first file a motion under rule 3.800(b).
Id. at 569. For that reason alone we affirm Filppula’s new sentence.[2] However, we note that this affirmance does not impact any right Filppula may have to seek to correct his illegal sentence by filing a motion pursuant to either rule 3.800(a) or rule 3.850. The postconviction court should consider any such motion on an expedited basis.
Affirmed.
LaROSE and KHOUZAM, JJ., Concur.

. See Rivera v. State, 117 So.3d 449 (Fla. 2d DCA 2013).

. Filppula also argues that his sentence for count three exceeds the five-year statutory maximum where he will serve two years in prison and five years of probation as a split sentence. He further notes a discrepancy in the oral and written sentence and a problem with the credit awarded. These issues also were unpreserved by a rule 3.800(b) motion.