KELLY, Judge.
Waldo Fernandez appeals the postcon-viction court’s summary dispositions of his October 24, 2013, and his January 7, 2014, motions to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of Mr. Fernandez’s January 2014 motion without comment. However, we reverse the dismissal of his October 2013 motion and remand for resentencing.
Mr. Fernandez pleaded no contest to one count of aggravated battery with a deadly weapon. In exchange for his plea, Mr. Fernandez’s counsel announced that a negotiated disposition had been arranged in which he would be sentenced to five years in prison followed by five years of probation. However, Mr. Fernandez requested deferred sentencing so that he could get his affairs in order. In order to effect the deferred sentencing, the trial court sentenced Mr. Fernandez to ten years’ probation with five years’ state prison as a special condition of probation.
The State .properly concedes that Mr. Fernandez’s sentence is illegal. Section 948.03(2), Florida Statutes (2010), provides that if the court “imposes a period of incarceration as a condition of probation, the period shall not exceed 364 days.” Additionally, the statute requires that incarceration as a condition of probation must be completed in a county facility, a probation or restitution center, or a community residential facility. Id. Therefore, the sen *1284 tence imposing five years in state prison as a condition of probation is in violation of section 948.03(2) because it exceeded 364 days and because the trial court ordered Mr. Fernandez to serve this time in state prison. Accordingly, Mr. Fernandez’s sentence is illegal and requires correction. See Filppula v. State, 106 So.3d 45, 46-47 (Fla. 2d DCA 2013) (holding that á sentence of two years in state prison as a condition of probation violated section 948.03(2) and was an illegal sentence); Williams v. State, 67 So.3d 249, 250 (Fla. 2d DCA 2010) (holding that “the sentence imposing forty-eight months in prison as a condition of probation violated section 948.03(2) because it exceeded 364 days and because the trial court ordered that Williams serve the time in state prison”).
We reverse the postconviction court’s order denying Mr. Fernandez’s October 2013 rule 3.800(a) motion and remand for resentencing to effectuate the plea agreement. Mr. Fernandez has a right to be present and to be represented by counsel at his resentencing. See Acosta v. State, 46 So.3d 1179, 1180 (Fla. 2d DCA 2010).
Affirmed in part, reversed in part, and remanded.
CASANUEVA and BLACK, JJ., Concur.