NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ABRAHAM SIMMONS, JR.,           )
                               )
              Petitioner,       )
                               )
v.                              )        Case No. 2D15-2527
                               )
STATE OF FLORIDA,               )
                               )
              Respondent.       )
_____ )

Opinion filed September 28, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Sarasota County;
Charles E. Roberts, Judge, and Rick
DeFuria, Senior Judge.

Abraham Simmons, Jr., pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

        In his petition filed under Florida Rule of Appellate Procedure 9.141(d),

Abraham Simmons raises multiple claims of ineffective assistance of appellate counsel.

We grant the petition as to ground I; we deny the remaining grounds without comment.

A jury convicted Simmons of burglary of an occupied dwelling and criminal mischief involving more than $1000. The trial court sentenced him as a violent career criminal (VCC) to thirty years' imprisonment for the burglary and a concurrent term of ten years' imprisonment for the criminal mischief.

In ground I of his petition, Simmons argues that appellate counsel was ineffective for failing to file a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). See Fortner v. State, 23 So. 3d 1275, 1276 (Fla. 2d DCA 2010) (stating that a claim that appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct a sentence that is not authorized by law is cognizable in a petition filed under rule 9.141(c)). He contends that his ten-year sentence as a VCC for criminal mischief is not authorized by the VCC statute. See Ubilla v. State, 8 So. 3d 1200, 1202-03 (Fla. 3d DCA 2009) (reversing VCC sentence for theft because it does not qualify as a primary offense for which a VCC sentence may be imposed).

The State acknowledges Ubilla but argues that it was incorrectly decided. However, the cases cited by the State in support of its argument are inapposite because they concern the habitual violent felony offender statute. The VCC statute specifies the offenses that qualify for VCC sentencing, and criminal mischief is not a qualifying offense. See §§ 775.084(1)(d)(3), 776.08, Fla. Stat. (2010). Thus, Simmons' VCC sentence for criminal mischief is illegal. If counsel had filed a rule 3.800(b)(2) motion to correct sentencing error and preserved this issue for review, this court would have been compelled to reverse Simmons' sentence for criminal mischief and to remand for resentencing. Because a new appeal would be redundant, we reverse Simmons'

sentence for criminal mischief and remand for resentencing in accordance with this opinion.

Petition denied in part and granted in part.


NORTHCUTT, KELLY, and BADALAMENTI, JJ., Concur.