NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TONY ROMANO,                          )
                                      )
            Appellant,                )
                                      )
v.                                    )      Case No. 2D13-5803
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____  )

Opinion filed November 18, 2016.

Appeal from the Circuit Court for Collier
County; James R. Shenko, Judge.

Howard L. Dimmig, II, Public Defender, and
Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Tony Romano, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


MORRIS, Judge.

        In this Anders[1] appeal, Tony Romano appeals the revocation of his

probation for two counts of unlawful sexual activity with a minor and his resulting

_____

        [1]Anders v. California, 386 U.S. 738 (1967).

sentences of prison followed by probation. We affirm the revocation of probation without comment, but we remand for correction of the order.

During the pendency of this appeal, Romano filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b), raising two issues. First, he argued that the trial court erred in ordering him to pay for random drug screening as a condition of his probation because the trial court did not orally pronounce the condition. Second, Romano argued that the order revoking probation should be corrected to reflect that he was found in violation after an evidentiary hearing, not that he admitted the violation. Although the trial court granted the rule 3.800(b) motion on July 22, 2015, it did so outside of the sixty days in which the trial court had jurisdiction to rule on the motion. See Fla. R. Crim. P. 3.800(b)(2)(B); Williams v. State, 67 So. 3d 249, 250-51 (Fla. 2d DCA 2010). Therefore, the trial court's order is a nullity. See Williams, 67 So. 3d at 251.

Romano's first claim that the special conditions should be stricken is without merit. Although the requirement that Romano pay for testing is a special condition that must be pronounced, he is not entitled to have this special condition stricken where he raised only a procedural objection in his rule 3.800(b) motion. See Ladson v. State, 955 So. 2d 612, 613 (Fla. 2d DCA 2007) (en banc) (holding that because a defendant has an opportunity via rule 3.800(b) to raise a substantive objection to the unpronounced special condition requiring him to "pay for" drug testing, procedural due process is satisfied and he is not entitled to have the special condition stricken absent some substantive challenge); see also Lavender v. State, No. 2D15-

417, 2016 WL 6563107 (Fla. 2d DCA Nov. 4, 2016) (noting that cases on this issue predating rule 3.800(b) are no longer applicable).

Regarding the second issue Romano raised in his rule 3.800(b) motion, he is entitled to have the trial court enter a corrected order of revocation reflecting that he was found in violation after an evidentiary hearing. See Bess v. State, 158 So. 3d 711, 712 (Fla. 2d DCA 2015); McNeil v. State, 183 So. 3d 1107, 1108 (Fla. 1st DCA 2015).

We also point out a sentencing issue that Romano may wish to raise in a postconviction motion. Romano was sentenced to concurrent sentences of thirteen years in prison followed by five years' probation, and such sentences exceed the fifteen-year statutory maximum applicable to second-degree felonies. See §§ 794.05, 775.082(3)(c), Fla. Stat. (2004); Cillo v. State, 913 So. 2d 1233, 1234 (Fla. 2d DCA 2005) (holding that defendant's sentence on each second-degree felony, "which includes the prison portion as well as the community control and probation portions, cannot exceed the statutory maximum of fifteen years"). Further, because he did not score more than fifteen years on his scoresheet, his lowest permissible sentence did not permit the trial court to exceed the statutory maximum. Cf. § 921.0024(2), Fla. Stat. (2004) ("If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed."); Cillo, 913 So. 2d at 1234 n.1 (noting that section 921.0024(2) did not apply in that case). Because this issue was not preserved, we affirm without prejudice to Romano's right to raise this issue in a proper motion to correct illegal sentence filed pursuant to rule 3.800(a). We note that the trial court could sentence Romano to consecutive sentences to reach the same result. See Cillo, 913 So. 2d at 1234

- 3 -

(agreeing that "the maximum sentence" defendant could receive on his three second-degree felonies "was fifteen years unless the sentences were imposed consecutively for a total of forty-five years").

In conclusion, we affirm Romano's revocation and resulting sentences and remand for the trial court to enter a corrected order revoking probation.

Affirmed; remanded.

CRENSHAW and SLEET, JJ., Concur.