NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THOMAS CHRISTOPHER CREWS, )
DOC #069873, )
                     )
      Appellant, )
                     )
v. )   Case No. 2D16-484
                     )
STATE OF FLORIDA, )
                     )
      Appellee. )
_____)

Opinion filed October 24, 2018.

Appeal from the Circuit Court for
Collier County; Lauren L. Brodie,
Judge.

Spencer Cordell of Law Office of
Spencer Cordell, Ft. Myers, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Assistant Attorney General,
Tampa, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

A jury found Thomas Christopher Crews guilty of burglary of a dwelling

(count one), see § 810.02(3)(b), Fla. Stat. (2013), and grand theft (count two), see §

812.014(2)(c), Fla. Stat. (2013). Having reviewed the record in light of the arguments

raised in the briefs and at oral argument, we affirm Crews's convictions without comment.

The trial court sentenced Crews as a violent career criminal (VCC) to concurrent terms of thirty years' imprisonment. Crews argues—and the State concedes—that his thirty-year sentence on count two is illegal because grand theft is not a "primary felony offense" eligible for VCC sentencing under section 775.084(1)(d)(3), (4)(d)(3), Florida Statutes (2013). See Simmons v. State, 205 So. 3d 793, 794 (Fla. 2d DCA 2016) (stating that VCC sentence for criminal mischief, which had been imposed to run concurrently with VCC sentence for burglary of an occupied dwelling, was illegal because criminal mischief was not a qualifying offense); Ubilla v. State, 8 So. 3d 1200, 1202-03 (Fla. 3d DCA 2009) (reversing the defendant's VCC sentence on theft count because theft does not qualify as a predicate offense or primary offense for VCC purposes). Nevertheless, we do not address the merits of Crews's argument because he failed to preserve it for review by either objecting at the sentencing hearing or by moving to correct it pursuant to Florida Rule of Criminal Procedure 3.800(b). See Filppula v. State, 133 So. 3d 1232, 1234 (Fla. 2d DCA 2014) (declining to consider the defendant's challenge to his illegal sentence on direct appeal because the defendant failed to preserve the challenge via motion under rule 3.800(b)).

Accordingly, we affirm Crews's sentence on count one and affirm his sentence on count two without prejudice for Crews, after issuance of the mandate in this appeal, to either file in the trial court a motion to correct illegal sentence on count two pursuant to rule 3.800(a), see, e.g., Cribbs v. State, 978 So. 2d 828, 828-29 (Fla. 2d DCA 2008) (reversing denial of rule 3.800(a) motion and remanding for resentencing

without VCC enhancement), or file in this court a timely petition alleging ineffective assistance of appellate counsel pursuant to Florida Rule of Appellate Procedure 9.141(d), see, e.g., Simmons, 205 So. 3d at 794 (granting rule 9.141(d) petition and remanding for resentencing without VCC enhancement).

Affirmed.

KELLY and SALARIO, JJ., Concur.